FILED
APR 16 2009
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>CHRISTOPHER NEIL GAUNTT,<br><br>*Defendant.* | Case No.   CR 09-047-JHP |

## INFORMATION

The Acting Assistant Attorney General Charges:

## INTRODUCTION

### Safe Drinking Water Act, Fort Gibson Water Treatment Plant

1. At all times relevant to this Information, The Safe Drinking Water Act of 1974 (the Act), 42 U.S.C. 300f *et seq.*, required that the Environmental Protection Agency (EPA) ensure that Public Water Supplies (PWS) monitor and test the quality of drinking water and distribute water to consumers that is safe to drink.

2. Pursuant to the Act, EPA may authorize a state to promulgate and implement regulations and requirements necessary to administer the Act. In order for EPA to grant such authority, a state must implement regulations and requirements at least as stringent as those promulgated by EPA, and demonstrate that it can effectively execute the program requirements. On June 25, 1977, EPA authorized the State of Oklahoma to implement regulations and requirements under the Act.

3. The Fort Gibson Water Treatment Plant is a Public Water Supplier that provides drinking water to approximately 4,054 residents of Fort Gibson, approximately 2,600 residents of Muskogee Rural Water Districts 4 and 7, Cherokee Water drinking water systems, and the water systems for Corral Creek Subdivision, and Ozark Water, Inc. The Fort Gibson Water Treatment Plant is subject

to federal regulations and provisions of the Act and the regulations promulgated and implemented by the Oklahoma Department of Environmental Quality (DEQ) pursuant to grant of authority allowed within the federal statute.

4. Under the implementing regulations, water that is suppled by the Fort Gibson Water Treatment Plant must meet several parameters and standards. Two of the standards that must be met include "turbidity" and "residual disinfectant."

5. Turbidity is a measurement of suspended organic and inorganic particles in the water. Organic matter in the water may harbor microorganisms. If turbidity levels exceed limits required under the Act, there is a risk that the water could retain microorganisms that could carry waterborne diseases.

6. Residual disinfectant levels reflect the concentration of chlorine that remains in the water after treatment. If chlorine levels as reflected in residual disinfectant levels are lower than those required under the Act, there is a risk that the water could also retain microorganisms that could carry waterborne diseases.

7. Fort Gibson Water Treatment Plant is required to record accurate turbidity and residual disinfectant levels on Monthly Operational Reports, which are submitted to Oklahoma DEQ on a monthly basis, to ensure that the water supplied by Fort Gibson Water Treatment Plant is in compliance with the Act and the implementing regulations.

### Defendant

8. From on or about October 2006 until on or about August 11, 2008, Defendant Christopher Neil Guantt served as first as the Supervisor at Fort Gibson Water Treatment Plant and then as Public Works Supervisor for the town of Fort Gibson. In both these positions, Defendant

Christopher Neil Gauntt was responsible for ensuring that drinking water from the Fort Gibson Water Treatment Plant met all of the regulatory requirements, including the levels for turbidity and residual disinfectant. As part of his duties, Defendant Christopher Neil Guantt was personally responsible for completing and signing MORs for submission to Oklahoma DEQ. As part of his responsibilities, defendant Christopher Neil Guantt submitted the MORs to Oklahoma DEQ through the U.S. Mails.

## COUNT ONE

Making a False Statement, 18 U.S.C. § 1001(a)(2)

9. Paragraphs 1 - 8 are realleged and incorporated as if fully set forth herein.

10. On or about June 19, 2008, in the Eastern District of Oklahoma, Defendant Christopher Neil Gauntt did knowingly and wilfully make a material false, fictitious, and fraudulent statement and representation in a matter within the jurisdiction of EPA, an agency of the executive branch of the Government of the United States; to, wit: Defendant Christopher Neil Gauntt submitted to Oklahoma DEQ the Fort Gibson April 2008 Monthly Operational Report that contained false entries for turbidity and residual disinfectant levels and which Defendant Christopher Neil Guantt knew to be false.

All in violation of 18 U.S.C. § 1001(a)(2).

*/s/ John C. Cruden*
JOHN C. CRUDEN
ACTING ASSISTANT ATTORNEY GENERAL